# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO SORIA-TORRES,<br><br>       Petitioner,<br><br>  v.<br><br>MICHAEL L. BENOV,<br><br>       Respondent. | Case No.: 1:13-cv-00940-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION (Doc. 13)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner was a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

The instant petition, filed on June 20, 2013, challenges the legality of a prison disciplinary hearing conducted at Taft Correctional Institution ("TCI") on the grounds that TCI is a privately-run facility, pursuant to a contract with the Bureau of Prisons ("BOP"), and that federal regulations do not provide for non-BOP staff to conduct prison disciplinary hearings and impose sanctions on federal inmates. (Doc. 1).

On June 26, 2013, the Court ordered Respondent to file a response. (Doc. 4). On August 26, 2013, Respondent filed an Answer. (Doc. 11). Petitioner filed a Traverse on September 12, 2013. (Doc. 13). On February 27, 2014, Respondent filed the instant motion to dismiss, contending that the claims in the instant petition are now moot because Petitioner has been released from custody. (Doc.

13).  Petitioner has filed no opposition to the motion to dismiss.

## **DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

Here, the instant petition requests that the results of the disciplinary hearing be set aside and that the good time credits lost as a result of that hearing be reinstated.  (Doc. 1, p. 7).  In the motion to dismiss, Respondent alleges, without proof, that Petitioner was released from federal custody on January 12, 2014, thus rendering any claim of improperly lost credits moot.  (Doc. 13, p. 1).  Despite the lack of proof within the motion to dismiss, the Court has accessed the BOP's electronic website, which indicates that Petitioner was indeed released from BOP custody on January 12, 2014. [1] Petitioner has not filed any documents that would contradict that factual conclusion.

Because the sole effect of good time credits is to reduce the overall length of time an inmate is in federal custody, the determination of whether Petitioner was wrongfully sanctioned with the loss of such good time credits no longer has any effect on Petitioner since he has completed his sentence and has been released from federal custody.  Because there is no further relief that this Court can provide to Petitioner, the petition and its claims are now moot.  Murphy v. Hunt, 455 U.S. at 481.  Hence, Respondent's motion to dismiss should be granted and the petition dismissed as moot.

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The official records of the BOP, as contained in the BOP's official website, are a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of such official records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the BOP, containing the agency's records for each federal prisoner, is subject to judicial notice.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss (Doc. 13), be GRANTED, and that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as moot.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 3, 2014**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE